IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO J. LOPEZ | : | CIVIL ACTION |
| and OTHERS SIMILARLY SITUATED | : | |
| | : | |
| v. | : | |
| | : | |
| TRI-STATE DRYWALL, INC., | : | NO. 11-5062 |
| and DEAN GANOUDIS | : | |

## Memorandum and Order

**I.     BACKGROUND**

Plaintiff in this case, Alberto J. Lopez was hired by Defendants, Tri-State Drywall, Inc. and Dean Ganoudis (collectively, "Tri-State"), as a "framer" to install, tape, hang and finish drywall at a veteran's residence facility. In his First Amended Complaint (Doc. 10) ("Complaint"), he alleges that he was hired as an employee under a prevailing wage rate of $59.59 per hour, but was paid as an independent contractor at $17.00 per hour. Compl. ¶ 3. Mr. Lopez brings this action on his own behalf and on behalf of a putative class of "potentially over fifteen" current and former employees of Tri-State, alleging that Tri-State failed to pay contracted for compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 - 219 ("FLSA") and the Pennsylvania Wage Payment and Collection Law, 43 PA. STAT. ANN. §§ 260.1 - 260.11a ("WPCL"). He also brings claims for violations of the FLSA's record keeping provisions, 29 U.S.C. §§ 211(c) and 215(a)(5), and notice provision, 29 C.F.R. § 516.4. Finally, Mr. Lopez brings claims for common law conversion and unjust enrichment stemming from the same alleged conduct.

Before the court is the Motion of Defendants, Tri-State Drywall, Inc. and Dean Ganoudis, to Dismiss Counts I, III, and IV of the First Amended Complaint, and to Dismiss Count II of the First Amended Complaint to the Extent that it Seeks Unpaid Overtime Compensation (Doc. 13), Plaintiff's Response in Opposition thereto (Doc. 14), and Defendants' Reply (Doc. 15).  Having considered the parties arguments, and for the reasons set forth below, the court will grant Tri-State's motion to dismiss Count I of the Complaint, Plaintiff's claim under the FLSA, with prejudice, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court will decline to exercise jurisdiction over Plaintiff's remaining state law claims without prejudice to pursue any applicable claims in state court.

## II.  STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be grated.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must view all allegations stated in the complaint as true, and construe all inferences in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although Rule 8(a) does not demand "'detailed factual allegations,'" mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2001)).  "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III.   DISCUSSION**

    **A.   Plaintiff Failed To State A Claim Under The FLSA[1]**

Tri-State advances the following arguments:

That Mr. Lopez's FLSA claims should be dismissed because the Complaint does not allege that Mr. Lopez himself was ever owed and denied overtime compensation;

That the FLSA does not provide a remedy for unpaid non-overtime compensation for an employee who was paid at least the minimum wage, and Mr. Lopez therefore does not state a claim under the FLSA;

That Mr. Lopez cannot bring an FLSA collective action on behalf of any other person he alleges was not paid overtime compensation; and

That the FLSA's record keeping and notice provisions do not afford Mr. Lopez a private right of action.

In his responsive pleadings Mr. Lopez confirms that he does not claim lost overtime. Nevertheless, Mr. Lopez argues that he is entitled to discovery prior to a determination by this court as to whether he is sufficiently similarly situated to other potential plaintiffs such that he may bring a claim under the FLSA on their behalf.  Mr. Lopez further argues that it is not, as the defendant claims, "well-settled" there is no private right of action for a recording-keeping

---

[1] Defendant Tri-State attacks Mr. Lopez's Complaint for lack of sufficient factual detail, and makes a number of arguments that each of Mr. Lopez's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Because this court finds that Mr. Lopez's failure to state a claim under the FLSA is dispositive of the entire action before it, the court will not reach the merits of Tri-State's other arguments.

violation, and urges this court to find such a right in the text, legislative history, and structure of the statute.

The Fair Labor Standards Act was enacted by Congress to govern the maintenance of standard hour and wage practices. Pursuant to the FLSA, an employer must pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and one and one half times the employer's regular wage for hours worked in excess of forty hours per week, 29 U.S.C. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Importantly, the FLSA does not create liability for unpaid non-overtime compensation for an employee who was paid at least the minimum wage, even if the employee was paid less than his hourly rate. See Brothers v. Portage Nat'l Bank, No. 3:06-94, 2007 WL 965835, at *5 (W.D. Pa. March 29, 2007). "The vast majority of federal courts hold that" these so-called "gap-time" claims "do not come within the FLSA's purview." Id. (citing cases). Mr. Lopez has affirmatively stated that he is not seeking unpaid overtime compensation from Tri-State. Pl.'s Resp. 2 ("Defendants' reiteration that Mr. Lopez does not claim lost overtime is not disputed."). Rather, he is seeking the difference between the wages he claims he was due and the amount he was actually paid, which was admittedly above the minimum wage, for the hours he worked up to forty hour per week. Thus, Mr. Lopez has stated a "gap-time" claim which is outside the purview of the FLSA. Accordingly, Mr. Lopez has not stated a claim under the FLSA upon which relief can be granted, and his claim must be dismissed. Fed. R. Civ. P. 12(b)(6).

Tri-State raises the Third Circuit's decision in <u>Symczyk v. Genesis Healthcare Corporation</u> that a collective action under the FLSA requires some evidence of a "factual nexus" between the manner in which the employer's alleged policy affected the plaintiff and the manner in which it affected other employees.  656 F.3d 189, 193 (3d Cir. 2011).  Tri-State argues that no such "factual nexus" exists here because Mr. Lopez does not claim that Tri-State's alleged policy not to pay overtime compensation affected him.  Mr. Lopez argues that he can still bring a collective action under the FLSA for those co-workers who allegedly did not receive overtime compensation.  He argues that he is entitled to discovery prior to a determination on whether he is sufficiently similarly situated to these co-workers to bring a claim on their behalf.

This court need not analyze whether Mr. Lopez is similarly situated to other proposed collective action plaintiffs, because Mr. Lopez lacks standing to bring a collective action under the FLSA.  When Congress enacted the Fair Labor Standards Act in 1938, it gave employees and their "representatives" the right to bring actions to recover unpaid compensation due pursuant to the Act.  See <u>Hoffman-La Roche v. Sperling</u>, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).  In 1947, Congress enacted the Portal-to-Portal Act, Pub.L. No. 80-49, § 5(a), 61 Stat. 84, 87 (1947), which made changes to the FLSA's procedures.  <u>Id.</u>  One such change was to abolish representative actions by plaintiffs not themselves possessing a claim.  <u>Id.</u>  "The relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions."  <u>Id.</u>; <u>see also</u> <u>Symczyk</u>, 656 F.3d at 192.  Here, Mr. Lopez fails to state a cognizable claim under the FLSA.  Accordingly, he cannot bring a collective action on behalf of his co-workers under the FLSA, even assuming those co-workers state cognizable claims under the Act, because such

representative actions were eliminated from the statutory scheme with the enactment of the Portal-to-Portal Act of 1947.

This court agrees with defendant Tri-State that FLSA's record keeping and notice provisions do not afford Mr. Lopez a private right of action.  Tri-State has cited several cases in which federal courts have held there is no private right of action for a record keeping violation.  See, e.g., Oral v. Aydin Corp., No. 98-6394, 2001 WL 1735063, at *1 n.1 (E.D. Pa. Oct. 31, 2001) ("there is no private right of action to enforce the recordkeeping provisions of the FLSA"); Rossi v. Associated Limousine Services,Inc., 438 F. Supp. 2d 1354, 1366 (S.D. Fla. 2006) (same).  Mr. Lopez has not identified a case that finds otherwise, nor has this court found one.  Indeed, the statutory scheme permits employees to recover unpaid wages while vesting in the Secretary of Labor the prerogative to seek relief for other types of FLSA violations, including violations of the statue's record keeping provisions.  See 29 U.S.C. §§ 216 and 217; see also Speert v. Proficio Mortgage Ventures, LLC, No. 10-718, 2011 WL 2417133, at *9 (D. Md. June 11, 2011); Davis v. Skylink Ltd., No. 11-0094, 2011 WL 2447113, at *3 (S.D.W. Va. June 15, 2011).  Likewise, an employer's failure to post explanatory notices as required by 29 C.F.R. § 516.4 does not create a private right of action for enforcement.  Again, Mr. Lopez has not cited, and this court has not located, a case affording a plaintiff a private right of action to enforce the FLSA's notice provisions.  Moreover, such a private right of action is inconsistent with 29 U.S.C. § 216(b), which limits private rights of action to specifically enumerated provisions of the FLSA.  Therefore, Mr. Lopez's claims for a violation of the FLSA's record keeping and notice provisions are dismissed pursuant to Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).

Having dismissed Mr. Lopez's claims under the FLSA in their entirety, this court must now determine whether it can exercise jurisdiction over Mr. Lopez's remaining state law claims.

### B.     This Court Can Not Exercise Jurisdiction Over Plaintiff's Remaining Claims

Although Tri-State does not address the issue of subject matter jurisdiction the court will construe Tri-State's motion as a facial attack on the Complaint under Rule 12(b)(1).  See Shihadeh v. Marple Newtown Sch. Dist., No. 11-5857, 2012 WL 460341, at *2 (E.D. Pa. Feb. 14, 2012).  Under this approach, the court will accept as true the plaintiff's factual allegations, so that the facial attack under Rule 12(b)(1) offers similar safeguards to the plaintiff as a motion under Rule 12(b)(6).  Id.  Accordingly, this court must determine whether, in light of the dismissal of Mr. Lopez's claim under the FLSA, the remaining "'allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of' this Court." Id. quoting Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994).

The Complaint in this case alleges that the court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which confers jurisdiction over FLSA suits to both federal and state courts.  Compl. ¶ 10.  The Complaint also alleges that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Compl. ¶ 11.  The Complaint fails to plead the basis for this court's jurisdiction over Mr. Lopez's state law claims.  Presumably, Mr. Lopez is requesting that the court exercise supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367.[2]

---

[2] Mr. Lopez does not allege diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); indeed he has indicated both on his Civil Cover Sheet (Doc. 1-4) and in the allegations in the Complaint, see Compl. ¶¶ 14-15, that no diversity exists.  Nor does Mr. Lopez plead that this court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and the Complaint does not contain class action allegations for Mr. Lopez's state law claims.

Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, Mr. Lopez's state law claims form part of the same case and controversy as his FLSA claims. However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)" under certain proscribed circumstances, including, "(1) the claim raises a novel or complex issue of State law" and "(3) the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c).

In this case, all of Mr. Lopez's claims over which this court has original jurisdiction have been dismissed. Under 28 U.S.C. § 1367(c)(3), this is sufficient reason to decline to exercise supplemental jurisdiction over Mr. Lopez's state law claims. Moreover, the Third Circuit has expressed serious reservations about the exercise of supplemental jurisdiction over WPCL claims. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) (finding District Court did not exercise sound discretion in granting supplemental jurisdiction over WPCL action). Significantly, the De Asencio court found that the WPCL action before it involved "novel and complex questions of [Pennsylvania] law," including "whether the WPCL pertains to at will, non-collective bargaining employees." Id. at 311. Accordingly, the De Asencio Court found that "[t]he need to resolve these issues, which are better left to the Pennsylvania state courts, weighs in favor of declining supplemental jurisdiction" under 28 U.S.C. § 1367(c)(1). Id. That same issue is before this court in the present action. Thus, the court finds that it would be inappropriate to exercise supplemental jurisdiction over Mr. Lopez's state law claims, and

8

declines to do so.  See, Ramsey v. Ryan Beck & Co., Inc., No. 07-635, 2007 WL 2234567, at *3-4 (E.D. Pa. Aug. 1, 2007) (determining it would be an abuse of discretion to exercise supplemental jurisdiction over a WPCL class action); Warner v. Orleans Home Builders, 550 F. Supp. 2d 583, 589-90 (E.D. Pa. 2008) (same).

      Accordingly, Mr. Lopez's state law claims are dismissed without prejudice to pursue any appropriate claims in state court.

      An implementing Order follows.